UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VYRENE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:06 CV 00057 LMB |
| ) | |
| PEPSI MID-AMERICA CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the Complaint of Plaintiff Vyrene Brown alleging a negligence claim against Defendant Pepsi Mid-America Co. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c).

Presently pending is defendant's Motion to Dismiss (Doc. No. 3), along with a Memorandum of Law in Support (Doc. No. 4). Plaintiff has filed a Motion to Transfer (Doc. No. 14), along with Suggestions in Opposition to Motion to Dismiss and in Support of Motion to Transfer (Doc. No. 15). Defendant has filed a Memorandum of Law in Opposition to Plaintiff's Motion to Transfer. (Doc. No. 20).

### Background

In her Complaint, plaintiff states that she is a resident of Dunklin County, Missouri, and that Defendant Pepsi Mid-America Co. is a Missouri Corporation, incorporated and existing under the laws of the State of Missouri. Plaintiff states that defendant sold soft drink products to Country Mart supermarket in Malden, Missouri. Plaintiff alleges that defendant had erected a

large, tall Pepsi display for its products at Country Mart and maintained and stocked it through its agents and employees on a regular basis. Plaintiff claims that the cartons of soft drinks were stacked so high that the display was dangerous and unstable and not reasonably safe for members of the public using the aisle or picking up drinks.

Plaintiff states that on August 18, 2005, Plaintiff Vyrene Brown and her daughter went to Country Mart to shop for groceries. Plaintiff alleges that as she stooped over to pick up a carton of Pepsi from the display, several cartons of Pepsi product fell from the top of the display and struck her lower back, hip, leg, and right foot. Plaintiff states that defendant should have known of the dangerous and unsafe condition posed by tall stacks of Pepsi products in the stores it serviced, but negligently failed to exercise ordinary care to correct the problem. Plaintiff alleges that as a direct result of defendant's negligence, she sustained severe, traumatic, painful and permanent injuries to her lower back, hip, leg, and foot.

## Discussion

In its Motion to Dismiss, defendant argues that plaintiff's Complaint should be dismissed because it fails to allege a basis for federal court jurisdiction over this matter. Specifically, defendant states that because both plaintiff and defendant are residents of the State of Missouri, there is no diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Plaintiff, in her Motion to Transfer, requests that the court transfer the instant action to the Circuit Court of Dunklin County, Missouri. Plaintiff states that this action was mistakenly filed in federal court based upon the interstate nature of defendant's business. Plaintiff contends that this court has the power under 28 U.S.C. § 1631 to transfer an action to cure lack of jurisdiction where an action has been filed in the wrong court.

In its Memorandum of Law in Opposition to Plaintiff's Motion to Transfer, defendant argues that a federal court lacks authority to transfer a case to state court when the federal court lacks jurisdiction over the claim. Defendant contends that plaintiff's Complaint should thus be dismissed for lack of jurisdiction.

In passing on a motion to dismiss, a court should dismiss a claim when it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957). See County of St. Charles v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir. 1997). Thus, a motion to dismiss is likely to be granted when "'a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Ring v. First Interstate Mortgage Inc., 984 F.2d 924, 926 (8th Cir. 1993) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The party invoking federal jurisdiction bears the burden of affirmatively pleading and proving subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Diversity jurisdiction exists where the amount in controversy exceeds $75,000.00 and where there is complete diversity of citizenship. 28 U.S.C. § 1332(a). Complete diversity of citizenship exists where no defendants are citizens of a state where any plaintiff is a citizen. Capital Indemnity Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2004). A corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

In this case, diversity jurisdiction does not exist, as plaintiff and defendant are both citizens of the State of Missouri. Plaintiff's Complaint alleges only a negligence claim against defendant, based upon personal injuries plaintiff sustained in a grocery store. Plaintiff alleges no other basis for federal jurisdiction. As such, this court lacks subject-matter jurisdiction over this matter. Plaintiff does not dispute the lack of subject-matter jurisdiction, but instead requests that this court transfer this matter to the Circuit Court of Dunklin County, Missouri. Plaintiff contends that this court has the authority under 28 U.S.C. § 1631 to transfer an action to cure lack of jurisdiction where an action has been filed in the wrong court.

Section 1631 provides in relevant part:

[w]henever a civil action is filed in a court *as defined in section 610*[1] of this title or an appeal, including a petition fo review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal *to any other such court* in which the action or appeal could have been brought at the time it was filed...

28 U.S.C. § 1631 (emphasis added). Section 1631 does not, however, provide for the transfer of an action to state court. See McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 429 (3rd Cir. 1983). "Both the statutory language and the legislative history show that this provision was directed to the federal court system." Id. "The Senate Report explicitly states, 'This provision is broadly drafted to allow transfer between any two *Federal* courts.'" Id. (quoting S. Rep No. 275, 97th Cong., 1st Sess. 30 (emphasis added)). See also Kier Brothers Investments, Inc. v. White, 943 F. Supp. 1, 4 (D.C. 1996) ("the Court may not transfer this case to a state court under § 1631

---

[1] Section 610 provides "[a]s used in this chapter the word 'courts' includes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court for Guam, the District Court of the Virgin Islands, the United States Claims Court and the Court of International Trade." 28 U.S.C. § 610.

because that section only authorizes transfer to those federal courts defined in 28 U.S.C. § 610").

Plaintiff also cites Weaver v. Marine Bank, 683 F.2d 744 (3rd Cir. 1982), as support for her request to transfer this action to state court. In Weaver, after the plaintiff's federal claims were dismissed, the Third Circuit transferred a pendent state law claim to state court by virtue of a Pennsylvania state statute enabling the federal court to transfer erroneously filed cases to the state courts. See id. at 748. Weaver, however, is easily distinguishable from the instant case. First, there is no comparable statute in Missouri that authorizes the federal courts in Missouri to transfer cases to Missouri state court. Second, in Weaver, the plaintiff alleged a violation of the Securities Exchange Act of 1934, 15 U.S.C. § 78(j)(b), a claim which clearly fell within the subject-matter jurisdiction of the federal district court. See id. at 745. The United States Supreme Court later determined that the case did not involve a "security" within the scope of the federal statute. See Marine Bank v. Weaver, 455 U.S. 551, 555, 102 S.Ct. 1220, 1223, 71 L.Ed.2d 409 (1982). As the Third Circuit stated on remand, "[u]nquestionably, at the time the suit was filed in the district court, there was a colorable federal claim and pendent jurisdiction could properly be assumed." Weaver v. Marine Bank, 683 F.2d at 747. In this case, as discussed above, plaintiff has failed to allege a basis for federal subject-matter jurisdiction. As such, Weaver does not lend support to plaintiff's position.

The undersigned has found that this court lacks subject-matter jurisdiction in this matter. Further, despite plaintiff's assertion to the contrary, this court lacks authority to transfer this claim to state court. Under such circumstances, dismissal for lack of subject-matter jurisdiction is the only appropriate result. Thus, the court will grant defendant's motion to dismiss.

**ORDER**

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (Doc. No. 3) be and it is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Transfer (Doc. No. 14) be and it is **denied**.

**IT IS FINALLY ORDERED, ADJUDGED, and DECREED** that plaintiff's Complaint be and it is **dismissed**. A separate Judgment will be entered on this date.

Dated this 1st day of September, 2006.

*Lewis M. Blanton*

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE